**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-02031-007-TUC-CKJ (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Antonio Ramirez-Rios, | |
| Defendant. | |

Before the Court is Defendant Antonio Ramirez-Rios' Motion for Compassionate Release – First Step Act.  (Doc. 765)  The Federal Public Defender has filed a Notice stating that it sees no basis for appointment of counsel at this time.  (Doc. 766)  For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

On March 20, 2019, Defendant was sentenced to seventy (70) months incarceration followed by three years of supervised release for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii). (Doc. 514)  Months earlier, Defendant had pleaded guilty to helping a band of scouts illegally transport large quantities of marijuana through the United States – Mexico border. (Doc. 223)  Prior to his 2019 conviction, Defendant had a relatively clean criminal history.[1] As of the date of this Order, Defendant has served approximately fifty-nine percent (41 months) of his seventy-month term of incarceration.

---

[1] According to his Presentence Investigation Report, Defendant told federal agents he had previously been arrested, on one occasion, as an illegal alien.  (Doc. 498 at 11)

**PROCEDURAL HISTORY**

On April 23, 2021, Defendant filed his Motion for Compassionate Release - First Step Act.  (Doc. 765).  On April 27, 2021, the Federal Public Defender filed a Notice Regarding Defendant's Pro Se Motion for a Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 766)  This Order follows.

**LEGAL STANDARD**

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020).  On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472.  "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety."  Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020).  Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted).  The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"  18 U.S.C. § 3582(c)(1)(A).  District courts are granted broad discretion in determining whether to grant relief.  *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (cleaned up) ("The FSA grants broad discretion to the district courts in providing relief.").

**DISCUSSION**

Defendant brings his motion for compassionate release in cursory fashion due to "COVID-19 concerns." (Doc. 765)  In support of his request for early release, Defendant states he has remained incident free during his term of incarceration, has attended an HSE/INEA course until lockdown, and has attended church services on a regular basis. *Id.* at 1.  Defendant concludes his motion by requesting early release to be with, and help out, his loved ones. *Id.* at 2.

In response to Defendant's motion, the Federal Public Defender filed its Notice observing that there is "nothing in [Defendant's] *pro se* motion [which] explains how he has attempted to exhaust his administrative remedies." (Doc. 766 at 2).  The Court agrees and denies Defendant's request for failing to exhaust administrative remedies before filing his motion for compassionate release.

In *United States v. Weidenhamer*, a court in this District summarized the exhaustion requirement of the compassionate release statute.  No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019).  It observed:

> The amended statute allows a defendant to file a motion for compassionate release upon the earlier of two dates. First, a defendant can file a motion after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf. Second, a defendant can file a motion upon the lapse of 30 days from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility. Courts have recognized these two options impose a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court.

*Id.* (alteration in original) (quotation marks and citations omitted).  Additionally, a defendant bears the burden of demonstrating that he has exhausted his administrate remedies prior filing a motion for compassionate release. *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020) (holding that a defendant bears the burden of establishing his or her entitlement to sentencing reduction).

1      Defendant has failed to mention—much less demonstrate—that he has exhausted or

2  made any effort to exhaust his administrative remedies before filing the motion at hand.

3  *See generally*, Doc. 765.  Accordingly, the Court finds that Defendant has failed to meet

4  his burden of proof for compassionate release and denies his motion.

5

6      **IT IS ORDERED:**

7      1.  Defendant's Motion for Compassionate Release – First Step Act (Doc. 765) is

8  DENIED.

9      2.  The Clerk of Court is instructed to mail a copy of this Order to Defendant at the

10  following mailing address:

11

12

13              Antonio Ramirez-Rios
               Register Number: 84984-408
14                   USP Yazoo City
                   P.O. Box 5000
15              Yazoo City, MS 39194

16

17  Dated this 14th day of May, 2021.

18

19

20                              Honorable Cindy K. Jorgenson
21                              United States District Judge

22

23

24

25

26

27

28

- 4 -